**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MINK–DAYTON, INC., Respondent.**

**No. 18605.**

United States Court of Appeals, Sixth Circuit.

April 20, 1970.

---

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Hermay M. Levy, Peter Kinzler, Attys., N.L.R.B., Washington, D. C., for petitioner.

Dean E. Denlinger, Lee M. Modjeska, Smith & Schnacke, Dayton, Ohio, for respondent.

Before EDWARDS and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

## ORDER

The National Labor Relations Board has filed a motion seeking enforcement of its order requiring respondent to bargain with the union upon request. In an earlier decision we affirmed the Board's finding that respondent had violated section 8(a) (1) by threatening its employees with economic reprisals if they chose to be represented by the union, but we remanded the case to the Board for further consideration of its remedial bargaining order in light of the Supreme Court's decision in N.L.R.B. v. Gissel Packing Co., 395 U.S. 575, 89 S. Ct. 1918, 23 L.Ed.2d 547 (1969). N. L. R. B. v. Mink-Dayton, Inc., 416 F.2d 327 (6th Cir. 1969).

The Board, after considering the standard enunciated in *Gissel Packing*, reaffirmed its decision to issue a bargaining order. 181 NLRB No. 40 (1970). It concluded that respondent's unfair labor practices "were sufficiently serious and extensive as to make it unlikely that the lingering effects of the unlawful conduct could be neutralized by resort to conventional remedies," and that a bargaining order was necessary to protect the rights of the employees.

In *Gissel Packing*, the Supreme Court made it clear that the Board, not the courts, generally should decide what remedy is necessary to correct the coercive effects of a company's unfair labor practices. In discussing the question of eliminating undue influences upon employees, the Court stated:

It is for the Board and not the courts, however, to make that determination, based on its expert estimate as to the effects on the election process of unfair labor practices of varying intensity. In fashioning its remedies under the broad provisions of § 10(c) of the Act (29 U.S.C. § 160(c)), the Board draws on a fund of knowledge and expertise all its own, and its choice of remedy must therefore be given special respect by reviewing courts. * * * '[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.' Consolo v. FMC, 383 U.S. 607, 621, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). 395 U. S. at 612, 89 S.Ct. at 1939 n. 32 (1969).

Pursuant to this direction to accord the Board's choice of remedy a "special respect", we have concluded that enforcement of the Board's order requiring respondent to bargain upon request should be granted. Moreover, we have concluded that the clear mandate of the Supreme Court makes it unnecessary to hear further oral argument in this case.

Accordingly, the Board's motion to enforce its bargaining order will be, and it hereby is, granted. Respondent's motion for further oral argument will be, and it hereby is, denied.